IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-014T |
| | ) | |
| ALAN J. BLAMIRES | ) | |

GOVERNMENT'S MEMORANDUM OF LAW
REGARDING COMPETENCY TO STAND TRIAL

The applicable statute governing mental competency to stand trial is found at 18 U.S.C. § 4241, which states in part:

> **(a) Motion to determine competency of defendant. -** At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The Court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.
>
> **(b) Psychiatric or psychological examination or report. -** Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247 (b) and (c).

The Court is not required to grant every motion raising the defendant's competency. There is no automatic right to a competency hearing. The threshold showing of the reasonable cause required by the statute must first be made. Appellate

courts review the denial of an examination request scrupulously in order to ensure that the rights of the defendant are protected. United States v. Pellerito, 878 F.2d 1535, 1544-45 (1st Cir. 1989). "[I]t is not enough for the district judge to find that 'the defendant (is) oriented to time and place and (has) some recollection of events,' but that the 'test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding - - and whether he has a rational as well as factual understanding of the proceedings against him.'" Dusky v. United States, 362 U.S. 402, 80 S. Ct. 788, 789 (1960). See also, Mackey v. Dutton, 217 F.3d 399 (6th Cir. 2000).

An examination to determine competency can be denied where "(1) the district court determines that the motion for an examination is insufficient in that the motion fails to set forth reasonable cause for believing that the defendant was incompetent to stand trial, or (2) the district court determines that the motion is frivolous or is not made in good faith." United States v. Rovetuso, 768 F.2d 809, 824 (7th Cir. 1985) (*citing to* United States v. Metcalfe, 698 F.2d 877 (7th Cir. 1983)). "The mere request of counsel for a mental examination, without more, does not require the court to accede." Fleming v. United States, 365 F.2d 587, 588 (1st Cir. 1966). Merely raising the issue is not enough. United States v. Crews, 781 F.2d 826, 833 (10th Cir. 1986). "Absent findings of an insufficient basis for a § 4241(a) motion, or a lack of good faith in

making the motion, a competency evaluation is required." United States v. Ramirez, 304 F.3d 1033, 1034 (10th Cir. 2002).

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Kenneth P. Madden
KENNETH P. MADDEN
First Assistant U.S. Attorney

CERTIFICATION

I hereby certify that on the 13th day of October, 2005, I mailed a true copy of the Within Government's Memorandum Of Law Regarding Competency To Stand Trial, ordinary mail and postage prepaid, and sent by facsimile to:

Richard K. Corley, Esq.
Corley, Tavares & Patrarca
127 Dorrance Street, 2nd Floor
Providence, RI 02903

Kenneth P. Madden